IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>MARIA SALINAS-MARTINEZ,<br><br>                Defendant. | **8:09CR456**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's petition for a writ of coram nobis, Filing No. 33. The defendant moves to withdraw her plea of guilty and vacate her criminal conviction, asserting that she was not informed by her attorney that the consequence of her guilty plea would be automatic deportation. She bases her claim on *Padilla v. Kentucky*, 130 S. Ct. 1473, 1482–83 (2010), in which the United States Supreme Court held that failure to advise a defendant that he or she would be deported as a result of pleading guilty to drug distribution falls below "an objective standard of reasonableness," so as to satisfy the first prong of the two-pronged test for constitutionally deficient assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 688 (1984).[1]

On December 16, 2009, the defendant was charged in a three-count indictment with misuse of a Social Security card and identification documents, in violation of 18 U.S.C. § 1546(a), 18 U.S.C. 1015(e) and 42 U.S.C. 408(a)(7)(B). Filing No. 1. On March 29, 2010, she entered a plea of guilty to all three counts, with no plea agreement.

---

[1] Under *Strickland*, the court first determines whether counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Then the court asks whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Filing No. 20.  On July 1, 2010, she was sentenced to time served followed by three years of supervised release.  Filing No. 25, minute entry; Filing No. 28, Judgment.  The defendant did not appeal and her conviction became final on or about July 14, 2010. The *Padilla* case was decided on March 31, 2010, between Salinas-Martinez's plea and her sentencing.  The defendant filed the present petition on September 25, 2012.  Filing No. 33.

A writ of coram nobis is an "extraordinary remedy," and courts should grant the writ "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character."  *United States v. Morgan,* 346 U.S. 502, 506 n.4 (1954).  A petitioner must show a compelling basis for coram nobis relief.  *Id.;* coram nobis relief is "substantially equivalent" to habeas corpus relief.  *Morgan*, 346 U.S. at 506 n.4 (stating that a motion for a writ of coram nobis "is of the same general character as one under 28 U.S.C. § 2255"); *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979).  However, a writ of coram nobis is used to vacate a federal sentence or conviction "only 'when a § 2255 motion is unavailable—generally when the petitioner has served his sentence completely and thus is no longer in custody.'"  *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001); *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 n.6 (8th Cir. 1996) (stating that "both [coram nobis and § 2255] writs are used to challenge a conviction or sentence, the main difference between the two being that coram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief"); *United States v. Freeman*, 625 F.3d 1049, 1052 n.2 (8th Cir. 2010) (noting that the extraordinary remedy is only available after conviction or sentence to a defendant who is no longer in custody in order to correct errors of the most fundamental character).

Parolees, probationers, and those on supervised release remain "in custody" for purposes of postconviction relief. See *Jones v. Jerrison*, 20 F.3d 849, 852 (8th Cir. 1994) (involving parole); *Partee v. Hopkins*, 35 F.3d 365, n.4 (8th Cir. 1994) (Beam, J., dissenting from denial of motion for reconsideration *en banc*) (noting that "[t]he federal courts have broadly construed the term "in custody" to include periods of probation, parole and supervised release (a term now current under the sentencing guidelines)"). The defendant is on supervised release until July 2013, so coram nobis relief is not appropriate.

If the court were to construe the motion as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, the motion would be untimely. Generally, a § 2255 motion must be filed within one year of the date on which the judgment is final.[2] 28 U.S.C. § 2255 (f)(1). However, in the case of a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the one-year period to file a § 2255 motion runs from the date on which the right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3).

The United States Supreme Court has recently agreed to resolve a circuit split on the issue of whether its holding in *Padilla* applies to persons whose convictions became final before its announcement. See *Chaidez v. United States*, 655 F.3d 684, 688, 693 (7th Cir. 2011) (holding that *Padilla* does not apply retroactively on collateral review), *cert. granted* 132 S. Ct. 2101 (Apr. 30, 2012) (No. 11–820); *United States v. Orocio*, 645 F.3d 630, 641 (3d Cir.2011) (holding that *Padilla* does apply retroactively). The *Chaidez*

---

[2] When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires. See *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); Fed. R. App. P. 4(b)(1)(A) (setting a 14-day time limit for filing a notice of appeal in a criminal case); Fed. R. App. P. 26(a)(2) (delineating the method for computing the fourteen-day period).

case has no applicability to the defendant's situation since her conviction became final after *Padilla* was decided.  Whether *Padilla* is retroactive or not, the defendant failed to file a § 2255 action within a year of the date her conviction became final and any 2255 action would be barred as untimely.

Alternatively, even if the court were to address the merits of the defendant's petition, the court would find as a matter of law that the defendant could not prevail under the second prong of the *Strickland* analysis.  The court has reviewed the record and finds no reasonable probability that but for her counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.  There was abundant evidence of the defendant's guilt and she could not have made a rational decision to go to trial under the circumstances.  If she had gone to trial, she would have been convicted.  Accordingly,

IT IS ORDERED that the defendant's motion for a writ of coram nobis (Filing No. 33) is denied.

Dated this 16th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge